Filed 2/14/25  P. v. Yost CA4/2

*See dissenting opinion.*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083078 |
| v. | (Super.Ct.No. CR67330) |
| AARON CLAUDE YOST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alana Butler and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Aaron Claude Yost was found guilty in 1997 of manufacturing methamphetamine and possession of ephedrine along with quantity and prior conviction enhancements, including having served two prior prison terms pursuant to Penal Code section 667.5, subdivision (b). At sentencing, the trial court ordered the punishment on the Penal Code section 667.5, subdivision (b), priors to run concurrent to his 35-years-to-life sentence. In a previous appeal, *People v. Aaron Yost* (April 6, 1999, E020779) [nonpub. opn.] (Opinion), the judgment was affirmed. In 2017, the abstract of judgment was amended to reflect that punishment on the prison priors was stayed.

In 2023, defendant was identified by the secretary of the California Department of Corrections and Rehabilitation (CDCR) as a defendant serving time in prison who may be eligible for recall and resentencing relief under Penal Code section 1172.75. The trial court denied him relief finding that the prison prior was not "imposed" within the meaning of Penal Code section 1172.75, so he was not entitled to relief. Defendant appeals the order of the trial court and insists that he is entitled to recall and resentencing. We affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL HISTORY[1]

On May 2, 1997, defendant was found guilty after a jury trial of one count of possession of methamphetamine (Health & Saf. Code, § 11379.6; count 1) and one count

---

[1] We derive the factual and procedural history from the clerk's transcript in this case and from the Opinion. We additionally granted defendant's request for judicial notice of the list of individuals identified by the CDCR who may be eligible for section 1172.75 relief. We also augmented the record with the Opinion and two minute orders. We need not provide the facts of the underlying crime as they are not relevant to the issues on appeal.

of unlawful possession of ephedrine (Health & Saf. Code, § 11383, subd. (c); count 2). The jury also found true two enhancements for count 1 that defendant manufactured 10 gallons of liquid and three pounds of solid substances containing methamphetamine (Health & Saf. Code, § 11379.8, subd. (a)(2)), and that he manufactured a substance in an amount exceeding 25 gallons of liquid and 10 pounds of solid substances containing methamphetamine (Health & Saf. Code, § 11379, subd. (a)). In a bifurcated court trial, the trial court found true that defendant had suffered two prior convictions within the meaning of Penal Code sections 667, subdivisions (c), and (e)(1), and 1170.12, subdivision (c). The trial court also found true that he served two prior prison terms within the meaning of section 667.5, subdivision (b). At defendant's sentencing hearing on June 27, 1997, the trial court sentenced defendant to 25 years to life plus 10 years. The trial court also imposed one-year enhanced terms for defendant's prison priors, but ordered them to run concurrent to the 35-years-to-life sentence.

Defendant appealed and a panel of this court ordered the trial court to amend the abstract of judgment to strike the Health and Safety Code section 11379.8, subdivision (a)(2), enhancement, which had been stayed by the trial court. A new abstract of judgment was filed on April 27, 1999. On November 30, 2017, a new abstract of judgment was filed reflecting that the two prior prison terms found true under section 667.5, subdivision (b) were stayed.[2]

---

[2] There is nothing in the record to reflect the reason the abstract of judgment was amended on November 30, 2017, but both parties agree that it was amended.

Defendant was identified by the secretary of the CDCR as being in custody serving a judgment that included an enhancement described in Penal Code section 1172.75,[3] subdivision (a). On December 21, 2023, the trial court denied that defendant was entitled to relief under section 1172.75. The minute order stated that the trial court had considered *Rhodius* (*People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*)), *Renteria* (*People v. Renteria* (2023) 96 Cal.App.5th 1276), *Christianson* (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311, rev. granted Feb. 21, 2024, S283189) and *Saldana* (*People v. Saldana* (2023) 97 Cal.App.5th 1270, rev. granted Mar. 12, 2024, S283547), and found that, relying on *Rhodius*, defendant was ineligible for resentencing. Defendant filed a notice of appeal on January 19, 2024.

## DISCUSSION

Defendant contends the trial court erred in finding him ineligible for recall and resentencing under section 1172.75.

Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b), of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Italics added.) Section 1172.75, subdivision (b), requires the secretary of the CDCR to identify all inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a). "Upon receiving th[is]

---

[3] All further statutory references are to the Penal Code unless otherwise indicated.

4

information" from the CDCR, "the sentencing court that imposed the enhancement" then "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a)," specifically, one "imposed" before 2020, but not for a sexually violent offense, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75 provides that resentencing undertaken "pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Determining whether defendant is entitled to recall and resentencing on appeal requires the interpretation of the statute's use of the word "imposed." (§ 1172.75, subd. (a); see, e.g., *Christianson*, *supra*, 97 Cal.App.5th at p. 311 ["The only question is whether the enhancements were 'imposed' as the word is used in section 1172.75, subdivision (a)].) There is a split among the Courts of Appeal as to the proper interpretation of the term "imposed." The California Supreme Court will ultimately decide the issue, but we see no reason to revisit our opinion in *Rhodius* and find the trial court did not err by denying resentencing.

In *Rhodius*, *supra*, 97 Cal.App.5th 38, the trial court stayed the punishment for two prior prison term enhancements under section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, at pp. 41-42.) On appeal in *Rhodius*, this court interpreted the word

5

"imposed" in subdivision (a), of section 1172.75 to mean a sentence enhancement that was "imposed and executed." (*Rhodius,* at pp. 44-45, 47-48.) This court concluded that when read "as a whole" and harmonizing the statute's several provisions, including implementation instructions to the CDCR and to sentencing courts, the Legislature intended "imposed" in section 1172.75 "as meaning 'imposed and executed.' " (*Rhodius*, at p. 45.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed. (*Rhodius*, at pp. 48-49.)

Defendant encourages this court to reject *Rhodius*, and to instead adopt the reasoning in *Renteria*, *supra*, 96 Cal.App.5th 1276, *Christianson*, *supra*, 97 Cal.App.5th 300, and *Saldana*, *supra*, 97 Cal.App.5th 1270. These courts observed that "[t]he presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason." (*Saldana*, at p. 1278; see *Christianson*, at p. 312 ["a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential"]; *Renteria*, at pp. 1282-1283 [stayed enhancements which appear in the abstract of judgment were imposed for purposes of § 1172.75].)

In *Christianson*, the appellate court found that section 1172.75's use of imposed "is at least somewhat ambiguous." (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) To aid in discerning the term's statutory meaning, the court looked to the steps set out in section 1172.75 preceding recall and resentencing. *Christianson* focused on the word

6

"verify" in the foregoing language. "[T]he use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is imposed and not stayed)." (*Christianson*, at p. 312.) The *Christianson* court concluded that the Legislature's use of "imposed" in section 1172.75 as a condition for proceeding towards resentencing is satisfied—first for the CDCR and subsequently for the verifying court—if a prison prior "enhancement [is] included in the abstract of judgment, regardless of whether it is imposed or stayed." (*Christianson*, at p. 312.)

As explained in *Rhodius*, "[w]hen reviewing the statute as a whole, the statutory construction that harmonizes the instructions and provisions contained within the statute is one that defines 'imposed' as meaning 'imposed and executed.' As such, the principles of statutory construction dictate that the term 'imposed' as used in section 1172.75, applies only to sentences that are 'imposed and executed.' " (*Rhodius*, *supra*, 97 Cal.App.5th at p. 45.) Section 1172.75 thus reserves resentencing for when a section 667.5, subdivision (b), penalty enhancement has been executed.

*Rhodius* drew support for this interpretation from the statutory language requiring that resentencing under section 1172.75, subdivision (d)(1), must "result in a lesser sentence" and in the accompanying legislative history. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 44, 45-48.) In particular, we found section 1172.75, subdivision (d)(1)'s "requirement that the resentencing shall result in a lesser sentence than the one originally imposed" to mean that the Legislature intended recall and resentencing to be available

7

when, and only when, "the repealed enhancement increased the length of the sentence." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44.) In other words: "The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Ibid*.)

Our sister courts that disagree with *Rhodius* have largely done so reasoning that recall and resentencing to strike/stayed enhancements results in a "lesser" sentence in a certain sense. "Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278.)

In our view, the statutory language requiring a lesser sentence is better reconciled with an actual reduction in "time served" as the enactment's goal, as reflected throughout section 1172.75's legislative history. (See *Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48 [identifying numerous such instances].) We summarized that history as follows: "The findings, costs, and ramifications of Senate Bill 136 and Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5(b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5(b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed

8

would be contrary to the legislative intent and the plain language of the statute." (*Rhodius*, at pp. 48-49.)  The post-*Rhodius* cases noted above do not address this extensive history, which we continue to find persuasive.  (See *Rhodius*, *supra*, 97 Cal.App.5th at p. 47 [legislative history reflects "a clear presupposition by the Legislature of an imposed and executed sentence"].)

We agree with this court's decision in *Rhodius*; we disagree with the *Renteria*, *Christianson*, and *Saldana* courts.  Thus, defendant was not entitled to a full resentencing hearing under section 1172.75 because the court imposed but struck punishment on the enhancement.  (See *Rhodius*, *supra*, 97 Cal.App.5th at p. 44.)

**DISPOSITION**

We affirm the trial court's ruling denying defendant a resentencing hearing under Penal Code section 1172.75.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

I concur:

RAMIREZ
P. J.

9

[*People v. Yost*, E083078]

FIELDS J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.72, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People v.*

1

*Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169 [Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a*

2

*judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look

3

at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain

4

circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall

consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on each of the prior prison enhancements but ordered the two prison priors to run concurrent with his 35-years-to-life sentence. In 2017, the abstract of judgment was amended to reflect that the punishment on the prison priors was stayed. Accordingly, the enhancements were part of the sentence and were included in the abstract of judgment.

The CDCR presumably identified defendant as eligible for relief because the enhancement was included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["[A]ll that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment . . . ."].)[1]

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind

---

[1] Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

6

the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[2] Yet, the trial

---

[2] This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

7

court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

I also note that in *Rhodius,* the trial court "vacated the sentence for defendant's two section 667.5 [subdivision] (b) priors and ordered them stricken." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 41.) Thus, the only issue was whether the court was required to give the defendant "a full resentencing hearing going beyond striking his two priors." (*Ibid.*) Similarly, here, the trial court hearing the resentencing petition struck the prison prior conviction, but only after ruling that defendant was ineligible for relief under section 1172.75. In my view, if section1172.75 applies such that the court felt compelled to strike the prison prior conviction, then the prior is legally invalid and defendant is entitled to a full resentencing. Thus, the matter must be remanded for the court to vacate the prison prior and fully resentence defendant pursuant to section 1172.75, subdivisions (c) and (d).

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction that had previously been stayed, the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior conviction, the consequences of defendant's plea are reduced. As result of the court's action, the case will no longer reflect the prior conviction if a court

8

assesses the appropriate disposition in any future case or on a violation of parole on the current case.

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS_____
                                                                                    J.

9